RICHARDS v AMERICAN FELLOWSHIP MUTUAL INSURANCE
COMPANY

Docket No. 29830. Submitted November 7, 1977, at Detroit.—Decided
July 17, 1978. Leave to appeal applied for.

Ronald Richards had a policy of automobile no-fault insurance
with defendant American Fellowship Mutual Insurance Com-
pany. He was involved in an injury accident on April 13, 1974.
Proof of loss forms were submitted on May 9, 1974, and a
hospital bill in the amount of $8,880.38 on June 18, 1974. The
hospital billing indicated Blue Cross-Blue Shield had paid all
but $69. Defendant issued its check for $69. On June 10, 1975,
demand for payment of the balance was refused. On June 23,
1975, plaintiff commenced a civil action in Oakland Circuit
Court. The controlling statute provides that a "claimant may
not recover any portion of the loss incurred more than 1 year
before the date on which the action was commenced." Defend-
ant argues that plaintiff did not file suit until June 23, 1975,
and therefore cannot claim any expense dated before June 23,
1974. The question on appeal is whether the Legislature in-
tended to preclude the insured's recovery of expenses incurred
more than one year before the date on which suit was begun
when the insurance company took no action to inform the
insured that his claim had been denied until after the statutory
period had, or had almost, run. Summary judgment for plaintiff
for $8,880.38 and $100 in attorney fees, Richard D. Kuhn, J.
Defendant appeals and plaintiff cross-appeals. *Held:*

1. The one year statute of limitations is tolled from the day
an insured gives notice of loss until liability is formally denied
by the company.

2. Attorney fees are recoverable under a section of the
statute where an insurer unreasonably refuses to pay a claim;
however, this section of the statute does not apply where a

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes § 142.
[2] 73 Am Jur 2d, Statutes §§ 155–160.
[3] [No Reference]
[4] Am Jur 2d, New Topic Service, No-Fault Insurance § 7.

serious question of statutory interpretation is involved and the insurer is not chargeable with an unreasonable refusal to pay.

Affirmed in part, reversed in part.

1. STATUTES—COURTS—LEGISLATURE—JUDICIAL FUNCTIONS—LEGISLATIVE INTENT—CONSTRUCTION OF STATUTES.

Courts may not usurp the law-making function of the Legislature; however, statutory construction is a judicial function and courts are required to discover the legislative intent.

2. STATUTES—COURTS—CONSTRUCTION OF STATUTES.

A reasonable construction of a statute is necessary where its language is of doubtful meaning; courts must look to the purpose of a statute, which should be effected if possible; its occasion and necessity, its spirit and purpose should prevail over its strict letter; injustice in its application should be prevented and absurd consequences avoided.

3. AUTOMOBILES—INSURANCE—NO-FAULT INSURANCE—LIMITATIONS OF ACTIONS—NOTICE OF LOSS—DENIAL OF LIABILITY—TOLLING— STATUTES.

The running of the one year statute of limitations for the commencement of actions under the no-fault automobile statute is tolled from the day an insured gives notice of loss until liability is formally denied by the company (MCL 500.3145; MSA 24.13145).

4. AUTOMOBILES—INSURANCE—NO-FAULT INSURANCE—UNREASONABLE REFUSAL TO PAY—ATTORNEY FEES—STATUTES.

A section of the no-fault statute provides that an attorney's fee should be charged in addition to the benefits recovered if a court finds the insurer unreasonably refused to pay a claim or unreasonably delayed in making proper payment; however, this section of the statute does not apply where a serious question of statutory interpretation is involved and the insurer is not chargeable with an unreasonable refusal to pay (MCL 500.3148[1]; MSA 24.13148[1]).

*Blum & Stalburg, P. C.,* for plaintiff.

*Daniel Zolkower* (by *Conrad J. Ceglowski),* for defendant.

Before: D. C. RILEY, P. J., and D. F. WALSH and A. C. MILLER,* JJ.

A. C. MILLER, J. This case involves another facet of the no-fault insurance law[1] involving notice and time limitations on the right to commence suit.

On April 13, 1974, the plaintiff, Ronald Richards, was injured in an automobile accident which resulted in his confinement at University Hospital in Ann Arbor, Michigan, from April 13, 1974, to May 15, 1974. At the time of the accident and hospitalization, the plaintiff was covered for no-fault benefits under a policy of insurance written by the defendant, American Fellowship Mutual Insurance Company. The policy requires written notice of the accident within 60 days after its occurrence. Defendant received notice of the accident and the resulting injuries by phone on April 19, 1974. On May 9, 1974, defendant received personal injury protection forms executed by the plaintiff. On June 18, 1974, the plaintiff submitted to the defendant the bill from the University Hospital in the amount of $8,880.38. The billing indicated that Blue Cross-Blue Shield had paid all the charges but $69 of the total statement; the defendant issued its check for $69 to the hospital on June 19, 1974, and failed to pay the remaining amount. The policy of insurance issued by the defendant to the plaintiff does not contain coordinated benefits and defendant admits it would have been obligated to pay the full hospital charges had it been so requested by the plaintiff within one year after the billing. However, defendant has asserted throughout this action, and continues to assert, that the hospital bill showing only $69

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Chapter 31 of the Insurance Code, added by 1972 PA 294, MCL 500.3101 et seq.; MSA 24.13101 et seq.

owing did not constitute a request for payment of the entire $8,880.38.

On June 10, 1975, plaintiff, through his attorney, made demand on the defendant to pay the balance of $8,880.38; such demand was refused by defendant. On June 23, 1975, plaintiff commenced a civil action against the defendant. Defendant asserted as an affirmative defense that the Michigan no-fault law statute of limitations provision, MCL 500.3145; MSA 24.13145, precluded plaintiff from recovery.

The trial judge made a finding of fact that the statute of limitations had not run and ordered that summary judgment be granted in favor of the plaintiff for the amount of $8,880.38, and also awarded the plaintiff's attorney $100 in fees.

There is no question in the present suit that notice of the accident and of the likelihood of insurer liability was given to the defendant. Plaintiff filed his proof of loss form on May 9, 1974. On June 18, 1974, plaintiff submitted the bill from the University of Michigan Hospital to defendant insurer. The defendant, knowledgeable of its liability under its insurance contract with the plaintiff, could only have interpreted plaintiff's submission of a hospital billing in the amount of $8,880.38 as a request for payment.

Defendant contends that plaintiff's claim fails because of § 3145 of the act. This section provides in pertinent part as follows:

"(1) An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the

accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced." MCL 500.3145; MSA 24.13145.

Plaintiff complied with the requirement set out in the first sentence of the section. Because he gave written notice and because the company paid part of the loss, plaintiff was allowed to commence suit later than 1 year after the accident. Pursuant to the second and third sentences of the section, plaintiff had one year after incurring a particular expense to sue the insurer for payment of that expense item. Defendant argues that plaintiff did not file suit until June 23, 1975, and therefore cannot claim any expense dated before June 23, 1974.

This Court must, therefore, determine whether the Legislature intended to preclude the insured's recovery of expenses incurred more than 1 year before the date on which suit was begun when the insurance company took no action to inform the insured that his claim had been denied until after the statutory period had, or had almost, run.[2]

In construing legislative enactments, the courts are guided by certain rules of statutory construction:

---

[2] The record from the proceedings below does not indicate the precise date on which plaintiff was billed by the hospital. We can only ascertain that loss was incurred, *i.e.,* plaintiff was billed, some time between May 15, 1974, the date of plaintiff's discharge from the hospital, and June 18, 1974, the date plaintiff forwarded the hospital bill to the defendant. Defendant did not formally deny liability until June 10, 1975.

" 'Although we may not usurp the law-making function of the legislature, the proper construction of a statute is a judicial function, and we are required to discover the legislative intent.

" 'Where, however, the language is of doubtful meaning, a reasonable construction must be given, looking to the purpose subserved thereby. Its occasion and necessity are matters of judicial concern, and its purpose should be effected if possible. Its spirit and purpose should prevail over its strict letter. Injustice in its application should be prevented, and absurd consequences avoided.' " *Lincoln Park Detention Officers v Lincoln Park,* 76 Mich App 358, 362; 256 NW2d 593 (1977).

Thus, § 3145 must be construed in accordance with the Legislature's purpose in enacting no-fault insurance, *i.e.,* that persons injured in automobile accidents be promptly and adequately compensated for their losses arising out of the motor vehicle mishap. *Shavers v Attorney General,* 65 Mich App 355, 370; 237 NW2d 325 (1975), *aff'd in part,* 402 Mich 554 (1977). See also MCL 500.3142(2); MSA 24.13142(2).

If we were to accept defendant's interpretation of the statutory provision, we would in effect be penalizing the insured for the time the insurance company used to assess its liability. To bar the claimant from judicial enforcement of his insurance contract rights because the insurance company has unduly delayed in denying its liability would run counter to the Legislature's intent to provide the insured with prompt and adequate compensation.

In *The Tom Thomas Organization, Inc v Reliance Insurance Co,* 396 Mich 588, 591, 594; 242 NW2d 396 (1976), the Supreme Court sought to resolve a similar problem. The case involved a provision in a policy of insurance which limited the time for bringing suit. Justice LEVIN, writing for the majority of the Court, held as follows:

"The running of the period of limitation was tolled from the date Tom Thomas gave notice of loss until liability was formally denied by Reliance.

\* \* \*

" 'In this manner, the literal language of the limitation provision is given effect; the insured is not penalized for the time consumed by the company while it pursues its contractual and statutory rights to have a proof of loss, call the insured in for examination, and consider what amount to pay; and *the central idea of the limitation provision is preserved since an insured will have only 12 months to institute suit.' [Peloso v Hartford Fire Insurance Co,* 56 NJ 514; 267 A2d 498 (1970)]." (Emphasis added.)

Applying the approach taken by the *Thomas* Court to § 3145 would effectuate the legislative intent in enacting the no-fault act. Unable to profit from processing delays, insurance companies will be encouraged to promptly assess their liability and to notify the insured of their decision. At the same time, the insured will have a full year in which to bring suit.

We, therefore, hold that the running of the 1 year statute of limitations was tolled from the day plaintiff gave notice of loss on June 18, 1974, until liability was formally denied by defendant on June 10, 1975. Thus, plaintiff's suit filed on June 23, 1975, was commenced before the expiration of the time limitation as tolled.

The trial court's order for summary judgment is, therefore, affirmed. Pursuant to MCL 500.3142; MSA 24.13142, plaintiff is to be allowed interest on the overdue benefits from July 17, 1975. The allowance of attorney fees is denied, however, because a serious question of statutory interpretation is involved. The defendant company is not chargeable with an unreasonable refusal within the meaning of MCL 500.3148(1); MSA 24.13148(1).

Affirmed in part, reversed in part.