WOLAR v STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY

Docket No. 46981. Submitted June 2, 1981, at Detroit.—Decided
October 8, 1981.

John Wolar brought an action in district court against State
Farm Mutual Automobile Insurance Company, his no-fault
insurer, for recovery of work-loss benefits allegedly due as a
result of an automobile accident. Following trial, the district
court awarded the plaintiff work-loss benefits. State Farm
appealed to Macomb Circuit Court, alleging that the plaintiff's
claim was barred because the period of limitation for such
actions had run. The circuit court reversed the decision of the
district court and entered a judgment of no cause of action,
Edward J. Gallagher, J. The plaintiff appeals by leave granted.
*Held:*

The circuit court properly held that the plaintiff's claim was
barred. The plaintiff made no demand for work-loss benefits in
his original application and failed to submit written notice of
his work-loss claim to his insurer within the prescribed period.
Thus, the period of limitation of actions for recovery of such
benefits had run prior to the date upon which his action was
commenced.

Affirmed.

1. INSURANCE — NO-FAULT INSURANCE — WAGE-LOSS BENEFITS —
   LIMITATION OF ACTIONS — STATUTES.

   The section of the no-fault act which prescribes the period of
   limitation of actions for recovery of no-fault benefits bars a
   claim for lost wages where no reference to such a claim was
   made in the original application for no-fault benefits and the
   claimed loss was incurred more than one year prior to the date

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobile Insurance § 361.
   7A Am Jur 2d, Automobile Insurance § 461.
   Validity and construction of "no-fault" automobile insurance plans.
      42 ALR3d 229.
[2] 7A Am Jur 2d, Automobile Insurance § 461.

on which the action seeking recovery was commenced (MCL 500.3145[1]; MSA 24.13145[1]).

2. INSURANCE — NO-FAULT INSURANCE — LIMITATION OF ACTIONS — NOTICE — STATUTES.

The period of limitation of actions for recovery of benefits under the no-fault act may be tolled upon the submission of written notice of loss by a claimant to his insurer, permitting an action to be commenced within one year of the claimant's most recent allowable work loss; however, where no notice of the loss is submitted to the insurer within the prescribed period and a subsequent claim for the loss is denied, an action to recover for such loss is barred (MCL 500.3145[1]; MSA 24.13145[1]).

*Michael Kranson,* for plaintiff.

*Eggenberger, Eggenberger, McKinney & Weber, P.C.,* for defendant.

Before: BRONSON, P.J., and R. M. MAHER and F. X. O'BRIEN,* JJ.

PER CURIAM. Plaintiff appeals by leave granted, an order of the Macomb County Circuit Court reversing a judgment for the plaintiff of $9,282 in no-fault work-loss benefits entered by the 37th District Court following a bench trial.

Plaintiff sustained injury in an automobile accident on September 16, 1974. Approximately one week later, on September 23, 1974, he submitted an application for no-fault benefits to the defendant. Plaintiff did not answer the questions relating to work-loss benefits, namely, the date his inability to work began, the date of his return to work, and his average weekly wage or salary. These omissions were apparently due to the fact that plaintiff was temporarily unemployed at the time of the accident. Defendant paid all the medical benefits due under the policy.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff recovered from his injuries and returned to work in January, 1976. On June 20, 1978, defendant denied plaintiff's claim for work-loss benefits. There is no record evidence that the plaintiff made any demand for wage-loss benefits prior to June 20, 1978.[1] At no time did the plaintiff submit a verification of wage loss to the defendant.[2] Plaintiff commenced suit on November 28, 1978.

The issue before the district court, the circuit court, and this Court is whether the plaintiff's claim for work-loss benefits is barred by MCL 500.3145(1); MSA 24.13145(1):

"An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his

---

[1] The evidence presented during trial consisted of deposition testimony of the plaintiff, the application form and a stipulation of the parties that no wage-loss verification was submitted to the defendant. Counsel for the plaintiff argued that he had made phone calls to the defendant's local office prior to June, 1978, and had correspondence with the defendant's house counsel in February, 1977. However, there is no testimony, stipulation, or finding to this effect.

[2] The parties stipulated that prior to plaintiff's deposition on January 4, 1979, a wage-loss verification from the plaintiff's employer had never been submitted to the defendant.

behalf. The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury."

The trial court concluded that plaintiff's suit was not barred because the original application of September 23, 1974, gave the defendant adequate notice of plaintiff's then-existing rights under the policy and thereby tolled the running of the statute until the denial of the work-loss claim on June 20, 1978. *Richards v American Fellowship Mutual Ins Co,* 84 Mich App 629; 270 NW2d 670 (1978), *lv den* 406 Mich 862 (1979). In reversing, the circuit court distinguished *Richards* and concluded that the statute was not tolled because the original application made no reference to a wage-loss claim. Consequently, the language of MCL 500.3145(1); MSA 24.13145(1), which precludes recovery for any portion of a loss incurred more than one year prior to the date on which the suit was commenced, barred plaintiff's claim.

We affirm the decision of the circuit court.

It is conceded that plaintiff filed a timely, written notice of injury, thereby extending the limitation period up to one year from the date on which the most recent allowable loss was incurred.[3] It is equally apparent that plaintiff's most recently allowable work loss of December, 1975-January, 1976, was incurred more than one year prior to the commencement of the suit on November 28, 1978. Hence, the question of tolling arises.

*Richards* held that the running of the one-year

[3] There is no issue of substantial compliance with the notice of injury requirements of MCL 500.3145(1); MSA 24.13145(1). See, *Walden v Auto-Owners Ins Co,* 105 Mich App 528; 307 NW2d 367 (1981), *Dozier v State Farm Mutual Automobile Ins Co,* 95 Mich App 121; 290 NW2d 408 (1980).

limitation period provided in the second and third sentences of § 3145(1) is tolled from the day an insured gives notice of loss until liability is formally denied by the insurer. The notice of loss in *Richards* was a hospital bill submitted to the insurer on June 18, 1974, for a loss incurred sometime between May 15, 1974, and the date of submission. The statute was tolled from the date of submission of the bill, not from the date on which the insured filed an application for benefits, May 9, 1974. *Id.,* 631, 633, fn 2, 635.

Applying *Richards* to the instant case necessitates moving back the time of tolling to the date on which plaintiff submitted his original application and substituting a general, and partially completed, application form for a documentary basis of payment. The effect would be to make the defendant indefinitely subject to liability for claims, existing or potential,[4] without reasonable proof of the fact and amount of loss. See, MCL 500.3142; MSA 24.13142. Such a result would extend *Richards* beyond reasonable bounds.

We are convinced that the language of § 3145(1) should be given its plain meaning, *Aldrich v Auto-Owners Ins Co,* 106 Mich App 83; 307 NW2d 736 (1981), and tolling reserved for factual patterns akin to *Richards.*[5] The statutory limitation period furthers the legislative purpose of prompt compensation for economic losses. By compelling action within a reasonable time, it protects against stale

---

[4] At the time plaintiff filed his application, work-loss benefits were not payable to an insured who was temporarily unemployed. The statute was amended by 1975 PA 311, effective December 22, 1975, and made retroactive in *Harper v Progressive Casualty Ins Co,* 79 Mich App 764; 263 NW2d 1 (1977).

[5] The *Richards* Court concluded that the defendant's processing time should not redound against the insured when the insurer paid $69 of a $8,880.83 bill, knowing that the policy did not contain coordinated benefits.

claims and protracted litigation, while affording the defendant a fair opportunity to defend. See, *Dozier v State Farm Mutual Automobile Ins Co,* 95 Mich App 121, 128; 290 NW2d 408 (1980), quoting *Bigelow v Walraven,* 392 Mich 566; 221 NW2d 328 (1974). Additionally, § 3145(1) provides the insured with a mechanism for extending the initial twelve-month limitation period, thereby enlarging his access to the courts. *Davis v Farmers Ins Group,* 86 Mich App 45, 48; 272 NW2d 334 (1978).

Having failed to commence suit within one year of his most recent allowable loss, plaintiff's claim is barred by the second and third sentences of MCL 500.3145(1); MSA 24.13145(1). The decision of the circuit court is affirmed.