NIKSA v COMMERCIAL UNION INSURANCE GROUP

Docket No. 75267. Submitted November 6, 1984, at Detroit.—Decided
   August 23, 1985.

   Joseph Niksa and Bernard Ross both suffered injuries during the
   course of their employment by Nucar Driveaway and received
   workers' compensation benefits for the injuries. The injuries
   occurred in 1974 and 1976. On April 30, 1982, Niksa and Ross
   filed suit against Commercial Union Insurance Group and
   Commercial Union Insurance Company, Nucar's insurance car-
   riers for both workers' compensation and no-fault automobile
   insurance, in Wayne Circuit Court seeking to recover no-fault
   work-loss benefits for the injuries suffered in 1974 and 1976.
   The court, Roland L. Olzark, J., granted accelerated judgment
   in favor of defendants, holding that plaintiffs' claims were
   barred by the one-year-back rule, which bars recovery of per-
   sonal protection insurance benefits which accrue more than one
   year before suit is filed. Plaintiffs appealed, arguing that the
   filing of claims for workers' compensation benefits for the
   injuries in question also served as notice of injury for purposes
   of the no-fault act and that the one-year limitation period
   therefore should have been tolled. *Held:*

   1. Tolling of the one-year period of limitation cannot begin
   until a claim for specific benefits is submitted to the insurer.
   Plaintiffs never made any specific claim for no-fault benefits.

   2. Plaintiffs' argument that defendants are estopped from
   relying on the one-year-back rule because they made misrepre-
   sentations and fraudulent concealments concerning the availa-
   bility of no-fault benefits is rejected. The statements made by

REFERENCES

Am Jur 2d, Automobile Insurance §§ 340 *et seq.*

Am Jur 2d, Workmen's Compensation §§ 442 *et seq.*

When statute of limitations commences to run on automobile no-
   fault insurance personal injury claim. 36 ALR4th 357.

Effect of injured employee's proceeding for workmen's compensation
   benefits on running of statute of limitations governing action for
   personal injury arising from same incident. 71 ALR3d 849.

See also the annotations in the ALR3d/4th Quick Index under No-
   Fault Insurance; Workers' Compensation.

defendants' workers' compensation claims adjuster cannot support claims of misprepresentation or fraudulent concealment. Affirmed.

1. Insurance — No-Fault Insurance — One-Year-Back Rule — Workers' Compensation Claims.

The filing of a claim for workers' compensation benefits with an insurer for injuries suffered in the course of employment while occupying an employer's motor vehicle is not sufficient notice of injury to toll the one-year-back limitation on bringing an action against the same insurer for no-fault benefits where no specific claim for no-fault benefits was made (MCL 500.3145[1]; MSA 24.13145[1]).

2. Insurance — No-Fault Insurance — Workers' Compensation.

Statements made before March 20, 1980, by a workers' compensation claims adjuster to the effect that no-fault insurance benefits were not available for an injury for which workers' compensation benefits were being paid cannot support claims of misrepresentation or fraudulent concealment.

*Marshall Lasser,* for plaintiffs.

*MacArthur, Cheatham, Acker & Smith, P.C.* (by *Victoria P. Lupo),* and *Gromek, Bendure & Thomas* (by *James G. Gross)* (of counsel), for defendants.

Before: Gribbs, P.J., and D. E. Holbrook, Jr., and N. J. Lambros,* JJ.

Per Curiam. In this action, plaintiffs sought to recover no-fault automobile insurance work-loss benefits pursuant to MCL 500.3107(b); MSA 24.13107(b). The claim of plaintiff Niksa was based on a truck accident which allegedly occurred in January, 1974. The claims of plaintiff Ross were based on truck accidents which allegedly occurred in May, 1974, and February, 1976. All three accidents occurred in the course of plaintiffs' employment by Nucar Driveaway, and plaintiffs obtained

---

* Circuit judge, sitting on the Court of Appeals by assignment.

workers' compensation benefits for injuries incurred in the accidents. The trucks involved in the accidents belonged to Nucar Driveaway, and defendants were Nucar Driveaway's carriers for both workers' compensation and no-fault automobile insurance. This action was commenced on April 30, 1982. The circuit court granted accelerated judgment for defendants, holding that plaintiffs' claims were barred by MCL 500.3145(1); MSA 24.13145(1), and plaintiffs appeal as of right.

MCL 500.3145(1); MSA 24.13145(1) provides:

"An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf. The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury."

For the purposes of this appeal, we will assume without deciding that plaintiffs' statements to defendants' agents in connection with plaintiffs' claims for workers' compensation were sufficient notice of injury to satisfy the requirements of the statute. The circumstances in which work-loss ben-

efits can be recovered are specified in MCL 500.3107(b); MSA 24.13107(b), which provides in part:

"Work loss consisting of loss of income from work an injured person would have performed during the first 3 years after the date of the accident if he had not been injured and expenses not exceeding $20.00 per day, reasonably incurred in obtaining ordinary and necessary services in lieu of those that, if he had not been injured, an injured person 'would have performed during the first 3 years after the date of the accident, not for income but for the benefit of himself or of his dependent."

The most recent allowable work losses were therefore three years after the date of the accidents, and plaintiffs' action was not commenced within one year after the most recent allowable work losses. Moreover, all of plaintiffs' claims were based on losses incurred more than one year before commencement of the action. Plaintiffs were therefore barred by MCL 500.3145(1); MSA 24.13145(1), unless the one-year period was tolled.

A split of authority exists on this Court as to whether the one-year periods in MCL 500.3145(1); MSA 24.13145(1) are tolled during the pendency of a claim before denial of the claim by the insurer. Compare, for example, *Richards v American Fellowship Mutual Ins Co,* 84 Mich App 629; 270 NW2d 670 (1978), with, for example, *Aldrich v Auto-Owners Ins Co,* 106 Mich App 83; 307 NW2d 736 (1981). In *Welton v Carriers Ins Co,* 421 Mich 571; 365 NW2d 170 (1984), the Court declined to resolve this split. Instead, the Court assumed that *Richards* tolling was permissible under the statute and held that such tolling could not begin until a claim for specific benefits was submitted to the insurer. 421 Mich 579-580. The Court explained, 421 Mich 581:

"Under our analysis, plaintiff's February 1979 workers' compensation filing would not have tolled the one-year-back rule applicable to plaintiff's no-fault claim. At the time of that filing, plaintiff was not seeking no-fault benefits, nor was it clear under then-existing law that plaintiff was even entitled to recover those benefits in addition to workers' compensation.[5] To expect Carriers to have denied its *no-fault* liability in response to plaintiff's *workers' compensation* claim in order to prevent a tolling of the one-year-back rule, would not be reasonable. *Wolar v State Farm Mutual Automobile Ins Co,* 111 Mich App 152; 314 NW2d 460 (1981).[6] [Emphasis in *Welton.*]

---

"[5] This Court had not decided that simultaneous recoveries of both workers' compensation and no-fault benefits were permissible until March 20, 1980, *Mathis v Interstate Motor Freight System,* 408 Mich 164; 289 NW2d 708 (1980), over fifteen months after plaintiff in this case was injured. Thus, until *Mathis* was decided, Carriers could reasonably have refused to pay a no-fault claim (had one been submitted) on the ground that plaintiff was already receiving workers' compensation benefits.

"[6] We do not intend to foreclose the possiblity of a single claim triggering both workers' compensation and no-fault liabilitites under circumstances not before us today, and we therefore do not address ourselves to the legitimate concerns expressed in Justice LEVIN's opinion. A different result might be reached on grounds of estoppel, for example, where an employee requests 'whatever benefits' the employee is entitled to from an employer and the employer misprepresents or conceals the availability of certain benefits. See, *e.g., Robinson v Associated Truck Lines, Inc,* 135 Mich App 571; 355 NW2d 282 (1984) (fraudulent concealment not borne out by pleadings or affidavits)."

---

It is not disputed that plaintiffs here never made any specific claim for no-fault benefits. *Welton* therefore shows that *Richards* tolling is unavailable to these plaintiffs.

Anticipating footnote 6 of *Welton,* plaintiffs argue that defendants are estopped from relying on MCL 500.3145(1); MSA 24.13145(1) because of misrepresentations and fraudulent concealments concerning the availability of no-fault benefits. Plaintiffs rely on alleged statements by defendants'

workers' compensation claims adjuster that no benefits other than workers' compensation benefits were available to plaintiffs. As footnote 5 of *Welton* shows, such statements by an insurer were reasonable where, as here, they were made before the Supreme Court's decision in *Mathis v Interstate Motor Freight System,* 408 Mich 164; 289 NW2d 708, on March 20, 1980. Such statements, if made before the *Mathis* decision, cannot support claims of misrepresentation or fraudulent concealment. *Robinson v Associated Truck Lines, supra,* p 576.

Affirmed.