*104 WEAVER, J.
(dissenting). Daniel Cameron was ten years old when an automobile struck his bicycle, causing a closed head injury. When Daniel was 16 years old, his parents filed suit on his behalf seeking personal protection insurance (PIP) benefits for attendant care given to Daniel in the first three years after his injury. Defendant moved for summary disposition, arguing that plaintiffs’ claim was barred by the one-year-back rule in MCL 500.3145(1) of the no-fault automobile insurance act. The trial court denied defendant’s motion, granted summary disposition in favor of plaintiffs, and awarded plaintiffs $182,500, an amount stipulated by the parties.
The Court of Appeals reversed. The majority affirms, holding that under the “one-year-back rule” in MCL 500.3145(1) of the no-fault automobile insurance act, plaintiffs may not recover damages incurred more than one year before they filed suit. The majority further holds that the saving provision in MCL 600.5851(1), which preserves the claims of minors and the insane until one year after the disability is removed, does not apply to the one-year-back rule.
I respectfully dissent from the majority’s holding and analysis.[1] I would hold that the one-year-back rule, MCL 500.3145(1), in the no-fault automobile insurance act does not apply in this case because the tolling provisions found in § 3145(1) are not applicable. Because the one-year-back rule does not apply, plaintiffs may recover benefits that accrued more than one year before they filed suit.
*105 The majority’s analysis and holding are premised on a fundamental misinterpretation of the no-fault act. MCL 500.3145(1) reads in full:
An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor’s loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf. The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury. [Emphasis added.]
The sentence emphasized above, “However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced,” is the origin of the “one-year-back rule” that is at the heart of the case before us.
The majority treats this sentence, the “one-year-back rule,” as a separate limitation on the period for which benefits may be recovered.[2] But this is an incorrect reading of the statute.
*106 There is only one period of limitations in § 3145(1): that the action must be brought within one year of the accident. This is stated in the first sentence: “An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury .. . .”
This statute of limitations in § 3145(1) contains its own tolling provision, also provided in the first sentence of the statute: “unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury.” This tolling provision takes effect when one of two things occurs: (1) the insurer is given written notice of the injury within one year of the accident or (2) the insurer has previously paid personal protection insurance benefits for the injury.
The remainder of § 3145(1), the second, third, fourth, and fifth sentences, detail how this tolling provision is to be applied. The so-called “one-year-back rule” is not a separate limitation on the period for which benefits may be recovered. Rather, it is an integral part of the *107 tolling rule contained within § 3145(1). This was the Court of Appeals interpretation of the statute in Allstate Ins Co v Frankenmuth Mut Ins Co, 111 Mich App 617; 314 NW2d 711 (1981).
The third sentence of the statute, the one at issue in this case, must be read in context with the other three sentences detailing how the tolling provision is to be applied. When interpreting a statute, the Court must “consider both the plain meaning of the critical word or phrase as well as ‘its placement and purpose in the statutory scheme.’ ” Sun Valley Foods Co v Ward, 460 Mich 230, 237; 596 NW2d 119 (1999) (citation omitted). The second, third, fourth, and fifth sentences of the statute read as follows:
If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor’s loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf. The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury. [Emphasis added.]
The use of the word “however” at the beginning of the sentence is significant. “However,” when used as a conjunction, means “nevertheless; yet; in spite of that; all the same.” Webster’s New World Dictionary, Second College Edition (1982). This conjunction, “however,” shows an exception to the sentence preceding it, which sets forth when an action may be brought under the *108 tolling provision contained within § 3145(1).[3] Therefore the exception contained within the “one-year-back rule” takes effect only when the tolling provision is being used. This Court should overrule the interpretation of the statute given in Welton, supra, and followed in Devillers, supra, and give meaning to the actual text of the statute.
In determining whether to overrule a prior case, pursuant to the doctrine of stare decisis, this Court should first consider whether the earlier case was wrongly decided. If it was wrongly decided, the Court should then examine reliance interests: whether the prior decision defies “practical workability”; whether the prior decision has become so embedded, so fundamental to everyone’s expectations that to change it would produce not just readjustments, but practical real-world dislocations; whether changes in the law or facts no longer justify the prior decision; and whether the prior decision misread or misconstrued a statute.[4]
Correcting this point of statutory interpretation in Welton and Devillers would effectively leave the law in its current state. The Court of Appeals has held that the saving provision in § 5851 applies to the no-fault act,[5] and that this saving provision tolls the “one-year-back” rule.[6] Thus, restricting the “one-year-back” rule to apply only when the tolling provision within § 3145(1) is relied on would preserve the status quo, and cause no “practical real-world dislocations.”
*109 Because the “one-year-back rule” is an integral part of the tolling provision contained within § 3145(1), it can be applied only as a part of that tolling provision. It cannot be used independently, as a separate limitation on the recovery of benefits. Therefore, the “one-year-back rule” is inapplicable here, where the plaintiffs never allege that the tolling provision of § 3145(1) applies.[7] Plaintiffs instead raised the saving provision in MCL 600.5851(1), which preserves the claims of minors and the insane until one year after the disability is removed, as a defense to the one-year statute of limitations in § 3145(1).
For this reason, I would reverse the decision of the Court of Appeals reversing the trial court’s denial of defendant’s motion for summary disposition and reinstate the stipulated judgment entered in favor of the plaintiffs.

 I also agree with Justices Kelly and Maekman that this Court should reinstate the “absurd results” rule. The “absurd results” rule, the commonsense rule that statutes should be construed so as to prevent absurd results, was rejected by this Court in People v McIntire, 461 Mich 147; 599 NW2d 102 (1999).

 The majority states that the no-fault act contains two limitations on the time for commencing an action and one limitation on the period for which benefits may be recovered:
“ ‘(1) An action for personal protection insurance [PIP] benefits must be commenced not later than one year after the date of *106 accident, unless the insured gives written notice of injury or the insurer previously paid [PIP] benefits for the injury.
“ ‘(2) If notice has been given or payment has been made, the action may be commenced at any time within one year after the most recent loss was incurred.
“ ‘(3) Recovery is limited to losses incurred during the one year preceding commencement of the action.’ ” [Ante at 61 (emphasis omitted).]
In making this summary, the majority is quoting from Devillers v Auto Club Ins Ass’n, 473 Mich 562, 574; 702 NW2d 539 (2005), which in turn was quoting from Welton v Carriers Ins Co, 421 Mich 571, 576; 365 NW2d 170 (1985), overruled on other grounds in Devillers.

 I do not rely on the last antecedent rule, contrary to the majority’s hypothesis, ante at 71-72.

 Robinson v Detroit, 462 Mich 439, 464-467; 613 NW2d 307 (2000).

 Rawlins v Aetna Cas & Surety Co, 92 Mich App 268; 284 NW2d 782 (1979).

 Geiger v Detroit Automobile Inter-Ins Exch, 114 Mich App 283; 318 NW2d 833 (1982).

 Defendant moved for summary disposition, arguing that plaintiffs claim was barred by the one-year-back provision of MCL 500.3145(1), consistent with this Court’s interpretation of the statute in Welton, supra. Although defendant asserted that notice was given or payment had previously been made, plaintiffs never raised it as a defense to the one-year limitations period in § 3145(1).