BURNS v AUTO-OWNERS INSURANCE COMPANY

Docket No. 78-1470. Submitted January 5, 1979, at Lansing.—Decided February 20, 1979.

Elroy C. Burns was injured in a collision between his motorcycle and an automobile. He brought an action against Auto-Owners Insurance Company, the insurer of the owner of the automobile, to recover personal injury protection benefits. The Ingham Circuit Court, Ray C. Hotchkiss, J., granted defendant's motion for accelerated judgment, holding that the action was not commenced within the applicable period of limitation. Plaintiff appeals, alleging that the statutory provision of the no-fault insurance act relied upon is not a statute of limitations but a notice provision, and that notice may be given to the insurer by someone other than the claimant or someone acting on the claimant's behalf. *Held:*

1. The provision which states that a claim is to be brought within one year of the injury is a statute of limitation, not a notice provision.

2. The notice of injury must be given to the insurer by the claimant or someone in his behalf.

Affirmed.

1. AUTOMOBILES — INSURANCE — LIMITATION OF ACTIONS — STATUTES.

The provision of the no-fault automobile insurance act which provides that an insured is to bring his claim against the insurer for personal injury protection benefits within one year of the injury is a statute of limitations, not a notice provision (MCL 500.3145[1]; MSA 24.13145[1]).

2. STATUTES — WORDS AND PHRASES — MANDATORY PROVISIONS.

The use of the word "may" in a statute generally denotes a directory or discretionary, rather than a mandatory, provision;

REFERENCES FOR POINTS IN HEADNOTES

[1] 51 Am Jur 2d, Limitation of Actions §§ 102, 103.
New Topic Service Am Jur 2d, No-Fault Insurance § 27.
[2] 73 Am Jur 2d, Statutes §§ 22, 24.
[3] 44 Am Jur 2d, Insurance § 1476.
15 Am Jur 2d, Limitation of Actions § 115.

however, in certain contexts "may" has the effect of "must" or "shall".

3. AUTOMOBILES — INSURANCE — LIMITATION OF ACTIONS — NOTICE — STATUTES.

The Legislature is presumed to have a purpose in inserting every clause and word in a statute, and in the case of the statute regarding claims for personal injury protection benefits the Legislature, by specifying that notice may be given by a person claiming benefits or by someone in his behalf, intended to provide for the exclusive method by which notice can be given to the insurer so as to extend the one-year limitations period (MCL 500.3145[1]; MSA 24.13145[1]).

*Sinas, Dramis, Brake, Turner, Boughton, McIntyre & Reisig, P.C.* (by *John F. Rohe*), for plaintiff.

*Fraser, Trebilcock, Davis & Foster* (by *C. Mark Hoover*), for defendant.

Before: BEASLEY, P.J., and D. F. WALSH and J. E. MCDONALD,* JJ.

D. F. WALSH, J. Plaintiff Elroy Burns appeals the entry of accelerated judgment for defendant Auto-Owners Insurance Company. GCR 1963, 116.1(5).

The trial court ruled that plaintiff's claim for personal injury protection insurance benefits from defendant, which claim arose out of a June 3, 1975, accident, was barred by the no-fault law's statute of limitations. MCL 500.3145(1); MSA 24.13145(1). Plaintiff argues that this statutory provision is not a statute of limitations but a notice provision.

We agree with the reasoning of a panel of this Court in the recent case of *Davis v Farmers Insurance Group of Companies,* 86 Mich App 45; 272

---

* Circuit judge, sitting on the Court of Appeals by assignment.

NW2d 334 (1978), and hold that the statute is a one-year statute of limitations.

We also reject plaintiff's argument that notice to the insurer may be given by someone other than the claimant or someone in behalf of the claimant. The statute provides, in pertinent part, that:

"The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf. The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury."

As noted by the *Davis* panel, MCL 500.3145(1) is a "one-year statute of limitations, with a provision enabling claimants [or someone in their behalf] to extend the period for up to one additional year by giving notice". *Davis, supra,* at 48. Although use of the word "may" generally denotes a directory or discretionary, rather than a mandatory, provision, *King v Director of Midland County Dep't of Social Services,* 73 Mich App 253, 261 fn 5; 251 NW2d 270 (1977), in certain instances the context indicates that "may" has the effect of "must" or "shall". 2A Sutherland on Statutory Construction (4th ed), § 57.03, pp 415-416. The rule of *expressio unius est exclusio alterius* has long been applied in Michigan and aids in determining whether a statutory provision shall be construed as mandatory or permissive. *Taylor v Michigan Public Utilities Commission,* 217 Mich 400; 186 NW 485 (1922), 2A Sutherland, *supra,* § 57.10, p 428.

We find that the Legislature intended to provide for the exclusive method by which notice can be given to the insurer so as to extend the one-year

limitations period. If, as plaintiff argues, notice may be given by anyone, the Legislature would have had no apparent reason to specify that notice "may be given * * * by a person claiming * * * benefits * * * or by someone in his behalf". The Legislature is presumed to have a purpose in mind in inserting every clause and word in a statute. *Wyandotte Savings Bank v State Banking Commissioner,* 347 Mich 33, 44; 78 NW2d 612 (1956).

This statute does not deal with notice clauses in insurance contracts. *Cf.* MCL 500.3008; MSA 24.13008. As noted by the *Davis* panel, the statute's purpose is not to protect litigants who may be unaware of a notice provision but who nevertheless bring their claims within the limitations period, but rather to encourage *claimants* or persons acting in their behalf to bring their claims to court while those claims are still fresh. To hold that mere notice, from whatever source, of an accident which could possibly give rise to a claim for benefits by a noninsured is sufficient would, we think, thwart this legislative purpose.[1]

Entry of accelerated judgment for defendant is affirmed.

---

[1] See *Richards v American Fellowship Mutual Ins Co,* 84 Mich App 629; 270 NW2d 670 (1978), where a panel of this Court interpreted the notice to the insurer as a "request for payment". *Id.* at 632. The Court's analysis of the issue involved in *Richards* indicates that the Legislature included two ways to extend the one-year period so that the claimant's right to bring an action for recovery of benefits will not be cut off during certain periods when the insurer should be or actually is assessing its liability. Unless the insurer receives notice from the claimant or someone acting in behalf of the claimant there is no reason to assume that the insurer will or should begin to assess its liability under the insurance contract with its insured. The statute clearly contemplates that the identity of the "claimant" be given.