SPAYDE v ADVANCED FOAM SYSTEMS, INC

Docket No. 49041. Submitted February 5, 1981, at Grand Rapids.— Decided May 26, 1981.

Richard Spayde, an employee of Advanced Foam Systems, Inc., suffered a work related injury while loading merchandise into a trailer owned by Advanced. Citizens Insurance Company of America was both the workers' compensation and automobile no-fault carrier for Advanced. A report of the accident and workers' compensation Form 100 were completed and were sent to the Citizens Insurance Company within one year of the accident. Citizens thereafter commenced to pay workers' disability compensation benefits to Spayde. Two years after the accident, Spayde made a demand for personal protection benefits under the automobile no-fault insurance act. When payment of such benefits was denied, Spayde brought an action in Kent Circuit Corut seeking payment of no-fault benefits from Advanced, Citizens, and American Motorist Insurance Company, the no-fault insurer of Spayde's vehicle. Defendants moved for accelerated judgment on the basis that plaintiff's claim was barred by the one-year limitation contained in the personal protection benefits section of the automobile no-fault insurance act. Plaintiff argued that the notice of the workers' disability compensation claim, having been received by Citizens within one year of the accident, served as "notice of injury" within the meaning of the limitation provision of the no-fault act so as to extend the period for recovery for up to one year after the most recent allowable expense. Woodrow A. Yared, J., granted defendants' motions. Plaintiff appealed. Plaintiff's appeal as to American Motorist Insurance Company was dismissed by stipulation. *Held:*

The filing with the insurer of the accident report form for the purpose of workers' disability compensation benefits did not act as "notice of injury" to the insurer within the meaning and intent of that phrase as used in the personal protection benefits limitation provisions of the no-fault act such that the insurer

REFERENCES FOR POINTS IN HEADNOTE

7 Am Jur 2d, Automobile Insurance § 373.

82 Am Jur 2d, Workmen's Compensation § 442.

would be alerted to the existence of a claim under the totally separate no-fault insurance policy coverage.

Affirmed.

INSURANCE — NO-FAULT INSURANCE — LIMITATION OF ACTIONS —
     NOTICE OF CLAIM — WORKERS' COMPENSATION.

A workers' disability compensation claim for an injury resulting from the loading of a vehicle covered by the automobile no-fault insurance act does not act as a notice of injury within the meaning of the personal protection benefits limitations provision of the no-fault act even where the same insurance company has issued the workers' disability compensation policy and the automobile no-fault insurance policy, since the presentation of the workers' compensation claim would not alert the insurer of the existence of a claim on the unrelated automobile no-fault insurance policy and thus does not serve to satisfy the legislative intent of the notice provision in the limitations section of the no-fault act of triggering investigation by the insurer of the no-fault claim and alerting the insurer of the need to appropriate funds for settlement of the no-fault claim (MCL 500.3145[1]; MSA 24.13145[1]).

*Reamon, Williams, Klukowski, Wood & Drew, P.C. (by Paul A. Williams),* for plaintiff.

*Baxter & Hammond* (by *Michael D. Wade),* for defendant.

Before: D. F. WALSH, P.J., and R. B. BURNS and D. E. HOLBROOK, JR., JJ.

PER CURIAM. Plaintiff appeals from the accelerated judgment entered in favor of defendants.

On January 12, 1977, plaintiff was injured while in the process of loading merchandise onto a parked trailer belonging to defendant Advanced Foam Systems, Inc., plaintiff's employer. A supervisor's report of the accident and a workers' compensation basic Form 100 were completed on January 12, 1977, and January 17, 1977, respectively. Within one year of the accident, both the workers' compensation form and the accident report were

sent to defendant Citizens Insurance Company of America (Citizens). Citizens was both the workers' compensation and no-fault insurance carrier for ·Advanced Foam Systems, Inc. Subsequently, Citizens commenced to pay workers' compensation benefits.

On January 26, 1979, plaintiff's attorney made a demand for no-fault benefits from defendants. On June 15, 1979, plaintiff filed a complaint for no-fault benefits arising from the accident on January 12, 1977.[1] Defendants moved for accelerated judgment on the ground that plaintiff's claim was barred by the controlling statute of limitations, since the one-year limitation period provided under MCL 500.3145; MSA 24.13145 had elapsed and the plaintiff had not extended the period by giving proper "notice of injury". The trial court granted defendants' motions.

The sole issue before us is whether notice of a claim for workers' compensation benefits made to an employer's workers' compensation carrier constitutes a "notice of [no-fault] injury" within the meaning of MCL 500.3145(1); MSA 24.13145(1) when the workers' compensation carrier is also the employer's no-fault insurer. We hold that such notice is not sufficient under the statute.

MCL 500.3145(1); MSA 24.13145(1) provides:

"An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of

[1] One of the original defendants, American Motorist Insurance Company, plaintiff's private no-fault insurance carrier, was dismissed on appeal by stipulation.

personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf. The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury."

This section of the no-fault insurance act establishes a one-year limitation period on an action for recovery of personal protection benefits, with a provision enabling a claimant to extend the period for recovery up to one year after the most recent allowable expense, work loss or survivor's loss by giving proper written notice of injury. *Dozier v State Farm Mutual Automobile Ins Co,* 95 Mich App 121, 126; 290 NW2d 408 (1980). The exact nature of this "notice" is at issue here.

Defendant argues that the statute refers to a "notice of injury" and not to a notice that a claim for benefits will be made. However, in *Davis v Farmers Ins Group,* 86 Mich App 45, 47; 272 NW2d 334 (1978), this Court held that the purpose of the notice provision was to "provide time to investigate and to appropriate funds for settlement purposes". The accomplishment of this legislative purpose requires that the insurer be alerted to the probability that a claim would be filed under the policy. Mere notice of an injury under circumstances unrelated to a possible claim for benefits will not serve to trigger the insurer's investigative

procedures nor advise the insurer of the need to appropriate funds for settlement.

For the foregoing reasons, the statute mandates that the notice be given "by a person claiming to be entitled to benefits * * * or by someone in his behalf". MCL 500.3145(1); MSA 24.13145(1). In *Burns v Auto-Owners Ins Co*, 88 Mich App 663; 279 NW2d 43 (1979), this Court ruled that notice of injury given other than by the claimant or by someone in behalf of the claimant was insufficient because such notice did not alert the insurer to the pendency of a possible claim. Relying on the analysis in *Richards v American Fellowship Mutual Ins Co*, 84 Mich App 629; 270 NW2d 670 (1978), the *Burns* Court held:

"Unless the insurer receives notice from the claimant or someone acting in behalf of the claimant there is no reason to assume that the insurer will or should begin to assess its liability under the insurance contract with its insured." *Burns v Auto-Owners Ins Co, supra,* p 666, fn 1.

As noted by the trial court, most insurers are large departmentalized companies. A claim for workers' compensation benefits made on a form provided by the state would be channeled to a specific department in that company. The presentation of a workers' compensation claim would not alert the insurer to the existence of another existing claim on a totally unrelated no-fault policy.

The notice given in this case, therefore, was not sufficient under the statute to extend the one-year limitation period. The trial court did not err in granting defendants' motion for accelerated judgment.

The decision of the circuit court is affirmed.