BENSON v HOME INSURANCE COMPANY

Docket No. 55825. Submitted June 10, 1982, at Lansing.—Decided January 4, 1983.

Plaintiff, Albin J. Benson, a police officer for the City of Flint, was injured in an automobile accident while on duty. He was thereafter placed on a permanent disability retirement pension. He then contacted an attorney who, 23 months after the accident, sent a request for personal injury protection benefits to Lake Agency, an independent agent for Home Insurance Company, the insurer of the police vehicle. Following Home Insurance Company's refusal to pay the benefits, plaintiff brought an action in the Genesee Circuit Court alleging that defendant Home Insurance Company wrongfully refused to pay the benefits. Plaintiff further alleged that defendant City of Flint had a duty to plaintiff, pursuant to its contract with Home Insurance Company, to notify the insurer of plaintiff's claim for benefits and change to disability retirement status, and that the city breached its duty by failing to notify the insurer of his claim. The trial court, Philip C. Elliott, J., entered orders granting accelerated judgment to Home Insurance Company and summary judgment to the City of Flint. Plaintiff appeals from those orders. *Held:*

1. The Legislature intended the language in the no-fault insurance act providing "the notice of injury * * * may be given to the insurer * * * by a person claiming to be entitled to benefits therefor, or by someone in his behalf" to be nondiscretionary. The Legislature intended to provide for the exclusive method by which notice can be given to the insurer so as to extend the one-year limitation period. Here, the insurer did not waive compliance with this statute. The trial court, finding that plaintiff's action was time-barred, properly granted the accelerated judgment for the insurer.

2. The trial court correctly found that the city owed no duty

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 7 Am Jur 2d, Automobile Insurance § 369.
[2] 7A Am Jur 2d, Automobile Insurance § 461.
  Validity and construction of "no-fault" automobile insurance plans. 60 ALR3d 651.
  61A Am Jur 2d, Pleading § 230.

to file the claim for benefits on plaintiff's behalf. Summary judgment for failure to state a cause of action was, therefore, properly granted to the city.

Affirmed.

1. Insurance — No-Fault Insurance — Limitation of Actions — Notice — Mandatory Provisions.

The Legislature intended the language "the notice of injury required by this subsection may be given to the insurer * * * by a person claiming to be entitled to benefits therefor, or by someone in his behalf" contained in the no-fault insurance act to be nondiscretionary, providing the exclusive method by which notice can be given to the insurer so as to extend the one-year limitation period for claims for personal injury protection benefits (MCL 500.3145[1]; MSA 24.13145[1]).

2. Judgments — Summary Judgment.

Summary judgment for failure to state a cause of action is proper in an action wherein the plaintiff alleged that the defendant breached its duty to the plaintiff by failing to notify an insurer of a claim by the plaintiff where the defendant owed no such duty to file the plaintiff's claim.

*S. Olof Karlstrom,* for plaintiff.

*Smith & Brooker, P.C.* (by *Patrick M. Kirby),* for Home Insurance Company.

*Richard J. Figura,* City Attorney, and *Rickey L. Farfell,* Chief Assistant City Attorney, for City of Flint.

Before: M. J. Kelly, P.J., and M. F. Cavanagh and P. R. Joslyn,* JJ.

Per Curiam. Plaintiff appeals from an order granting accelerated judgment to defendant Home Insurance Company and from an order granting summary judgment to defendant City of Flint.

Plaintiff, a police officer for the City of Flint,

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

was injured while on duty on October 6, 1977, when the police car in which he was a passenger was struck broadside by another car. Plaintiff received his full pay until January 31, 1979, when he was placed on a permanent disability retirement pension. Thereafter, he contacted an attorney, and on September 27, 1979, his attorney sent a request for personal injury protection benefits (PIP) to Lake Agency, an independent agent for Home Insurance Company, the insurer of the police vehicle.

Plaintiff brought the instant action as a result of Home Insurance Company's refusal to pay PIP benefits. Plaintiff alleged that defendant Home Insurance Company wrongfully refused to pay him PIP benefits pursuant to the city's policy. Plaintiff further alleged that defendant City of Flint had a duty to plaintiff, pursuant to its contract with Home Insurance Company, to notify the company of plaintiff's claim for benefits and change to disability retirement status. Plaintiff alleged that the city breached its duty by failing to notify Home Insurance Company of his claim.

After a trial on the notice issue, the trial court in a written opinion granted Home Insurance Company's motion for accelerated judgment, finding that plaintiff's action was time-barred under this Court's interpretation of MCL 500.3145(1); MSA 24.13145(1) of the no-fault act in *Burns v Auto-Owners Ins Co,* 88 Mich App 663; 279 NW2d 43 (1979).

For the reasons stated in *Burns,* we find that the Legislature intended the language "the notice of injury * * * may be given to the insurer * * * by a person claiming to be entitled to benefits therefor, or by someone in his behalf" to be nondiscretionary:

"We find that the Legislature intended to provide for the exclusive method by which notice can be given to the insurer so as to extend the one-year limitations period. If, as plaintiff argues, notice may be given by anyone, the Legislature would have had no apparent reason to specify that notice 'may be given * * * by a person claiming * * * benefits * * * or by someone in his behalf'. * * *

"This statute does not deal with notice clauses in insurance contracts. *Cf.* MCL 500.3008; MSA 24.13008. As noted by the *Davis* panel *[Davis v Farmers Ins Group of Companies,* 86 Mich App 45; 272 NW2d 334 (1978)], the statute's purpose is not to protect litigants who may be unaware of a notice provision but who nevertheless bring their claims within the limitations period, but rather to encourage *claimants* or persons acting in their behalf to bring their claims to court while those claims are still fresh. To hold that mere notice, from whatever source, of an accident which could possibly give rise to a claim for benefits by a noninsured is sufficient would, we think, thwart this legislative purpose." 88 Mich App 663, 665-666. (Emphasis in original.)

The insurance company cannot be expected to investigate all potential claims merely because a claim unrelated to the plaintiff incidentally contains all the information concerning the plaintiff's injuries required by § 3145(1). We note that while this Court did not apply the requirement that notice be submitted by the claimant or someone on the plaintiff's behalf in *Lansing General Hospital, Osteopathic v. Gomez,* 114 Mich App 814; 319 NW2d 683 (1982), the holding was based on unique facts the Legislature could not have contemplated when it drafted the statute.

We also find that the trial court properly denied plaintiff's motion for relief from judgment. Although plaintiff claims the insurance policy in effect between the City of Flint and Home Insur-

ance Company established a different notice requirement from that provided by the no-fault statute, our review of the policy reveals that the insurance company clearly did not waive compliance with the requirements of § 3145(1), and in fact, the contract's notice language is arguably stricter than that of the statute.

The trial court correctly found that the city owed no duty to file the claim for PIP benefits on plaintiff's behalf. Summary judgment for failure to state a cause of action is proper in the absence of a duty, since plaintiff's negligence claim is so clearly unenforceable as a matter of law that no factual development could possibly sustain it. *Sowels v Laborer's International Union of North America,* 112 Mich App 616; 317 NW2d 195 (1981).

Affirmed.