STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v
INSURANCE COMPANY OF NORTH AMERICA

Docket No. 97219. Submitted November 17, 1987, at Detroit. Decided
February 1, 1988.

On July 1, 1983, George Bostic, while in the course of his
employment, was injured while operating a motor vehicle
owned by his employer, Bachan Aerospace Corporation. At the
time of the accident, Bostic was insured for personal protection
benefits under an automobile no-fault policy issued for his own
automobile by State Farm Mutual Automobile Insurance Com-
pany. Bachan Aerospace Corporation was insured for both
workers' disability compensation and automobile no-fault
claims under an insurance package offered jointly by Insurance
Company of North America and Aetna Insurance Company. On
July 8, 1983, an Employer's Basic Report was filed with INA/
Aetna which indicated that Bostic was involved in an automo-
bile accident while working. INA/Aetna paid workers' disabil-
ity compensation benefits. Bostic sought and received automo-
bile no-fault benefits from State Farm, which were coordinated
with the workers' disability compensation benefits. On Septem-
ber 28, 1984, State Farm informed Bostic that his no-fault
benefits were being suspended. Bostic commenced an action in
Oakland Circuit Court against State Farm, alleging unreason-
able refusal to pay benefits due under the no-fault act. State
Farm answered that it had inadvertently paid wage loss bene-
fits to Bostic, asserted that Bostic's employer's no-fault insurer
was liable for those personal protection benefits and filed a
counterclaim for the wage loss benefits it had mistakenly paid.
On January 30, 1985, Bostic amended his complaint, adding
INA and Aetna as defendants, alleging that they had notice of

REFERENCES

Am Jur 2d, Automobile Insurance §§ 34, 348, 369, 371 et seq.
When statute of limitations commences to run on automobile no-
    fault insurance personal injury claim. 36 ALR4th 357.
Validity and construction of no-fault insurance plans providing for
    reduction of benefits otherwise payable by amounts receivable
    from independent collateral sources. 10 ALR4th 996.
See also the annotations in the Index to Annotations under No-
    Fault Insurance.

the injury. INA/Aetna asserted the defense that Bostic's claim was barred by either the one-year period of limitation or the one-year-back provision of the no-fault act. Following motions for summary disposition, the trial court, Robert C. Anderson, J., ruled that State Farm was estopped from denying Bostic the benefits to which he was entitled and that Bostic had failed to comply with the notice requirement of the no-fault act and his claim was thus barred by the statutory period of limitation. State Farm settled with Bostic, paid the unpaid wage loss benefits and took an assignment of Bostic's right to claim no-fault benefits from INA/Aetna. State Farm moved to recaption the case, which was granted. State Farm appealed from that portion of the trial court's order granting summary disposition in favor of INA/Aetna.

The Court of Appeals *held:*

The notice filed by Bostic's employer with INA/Aetna was sufficient to place INA/Aetna on notice of injury for the purpose of the no-fault act. Accordingly the one-year period of limitation within which to commence an action was not applicable and Bostic's action against INA/Aetna was not barred. Because the trial court did not consider the application of the one-year-back rule, the matter must be remanded for further proceedings.

Reversed and remanded.

INSURANCE — NO-FAULT — LIMITATION OF ACTIONS — NOTICE OF CLAIM — WORKERS' COMPENSATION.

The filing of a claim for workers' disability compensation benefits with an insurer which provides both workers' disability compensation coverage and automobile no-fault insurance coverage for the employer's vehicles will act as a written notice of injury within the meaning of the limitation of actions provision of the personal protection benefits section of the automobile no-fault act where the claim for workers' disability compensation benefits clearly indicates that the workers' disability compensation benefits claim arose out of an automobile accident; accordingly, an action to secure automobile no-fault benefits in such a case is not barred by the provision which requires that actions for personal protection benefits under the no-fault act be commenced within one year after the accident unless notice of the injury is provided (MCL 500.3145[1]; MSA 24.13145[1]).

*Paul D. Hofmeister,* for plaintiff.

*Puleo, Noeske & Tarnavsky* (by *William D. Kahn*), for defendants.

Before: D. F. Walsh, P.J., and Shepherd and
A. T. Davis,* JJ.

D. F. Walsh, P.J. State Farm Mutual Automobile Insurance Company, as assignee of George
Bostic, appeals from the circuit court order granting summary disposition in favor of defendants
Insurance Company of North America and Aetna
Insurance Company. At issue is application of
MCL 500.3145(1); MSA 24.13145(1) to the stipulated facts of this case.

During the course of his employment on July 1,
1983, George Bostic was involved in a motor vehicle accident while operating a vehicle owned by
his employer, Bachan Aerospace Corporation. At
the time of the accident, Mr. Bostic was insured
for personal protection insurance benefits under a
no-fault automobile insurance policy issued by
State Farm. Bachan Aerospace Corporation was at
that time insured for both automobile no-fault and
workers' compensation liabilities by INA/Aetna.

Following the accident, Mr. Bostic applied for
and received workers' compensation benefits from
INA/Aetna. The July 8, 1983, Employer's Basic
Report of Injury submitted to INA/Aetna contained Mr. Bostic's name and address and other
biographical data, the date, location and description of his injury, information concerning his job,
wages and employer, and the name of his physician. The form described the event that caused the
injury as follows: "Patient states while working he
was involved in an auto accident." In addition, Mr.
Bostic promptly applied for and received no-fault
benefits from State Farm. Those benefits were
coordinated with the workers' compensation benefits paid by INA/Aetna.

On September 28, 1984, State Farm informed

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Mr. Bostic that, based on the results of a medical examination, his no-fault benefits were being suspended as of September 10, 1984. On October 5, 1984, Mr. Bostic sued State Farm, alleging that State Farm unreasonably refused to pay benefits due under the no-fault act. State Farm answered that it had "inadvertently paid wage loss benefits, totalling $7,350.72, to [Mr. Bostic], by mistake." In affirmative defense, State Farm asserted MCL 500.3114(3); MSA 24.13114(3), the priority provision of the no-fault act establishing the obligation of Mr. Bostic's employer's no-fault insurer to pay personal protection insurance benefits to him. State Farm counterclaimed for recovery of the $7,350.72 it had paid to Mr. Bostic.

Mr. Bostic filed his first amended complaint on January 30, 1985, adding INA and Aetna, his employer's no-fault insurers, as defendants. He alleged that defendants "had notice of the injury through the employer, Bachan Aerospace, and/or the Plaintiff, George Bostic." INA/Aetna asserted in affirmative defense that "all or a portion of the plaintiff's cause of action is barred by the statute of limitations of the No Fault Act, to wit: MCLA 500.3145(1), or the one year back rule provisions of said Act."

The parties stipulated that Mr. Bostic did not formally file an application for no-fault benefits with INA/Aetna and that he did not commence an action for personal protection insurance benefits against INA/Aetna within one year of the accident.

The matter was submitted to the trial judge for summary disposition. The judge ruled that State Farm was estopped from denying Mr. Bostic the benefits to which he was rightfully entitled.[1] The

---

[1] The judge stated:

judge further ruled that, as to INA/Aetna, Mr.
Bostic failed to comply with the notice require-
ments of MCL 500.3145(1); MSA 24.13145(1), and
that his claim against INA/Aetna was therefore
barred by the statutory one-year period of limita-
tion.[2] Pending entry of the November 26, 1986,
order granting summary disposition to Mr. Bostic
against State Farm and to INA/Aetna against Mr.
Bostic, State Farm and Mr. Bostic settled their
dispute. In consideration of State Farm's payment
to him of $23,679.62, Mr. Bostic assigned to State
Farm his rights to no-fault benefits from INA/
Aetna.[3] State Farm's motion to amend the caption
of the case to reflect the assignment was granted.
State Farm, as Mr. Bostic's assignee, appeals from

In this case, plaintiff filed his claim for no-fault benefits with
State Farm and received payments for well over one year. The
Application for Benefits and the Automobile Claim Report
clearly state that plaintiff was injured while driving a truck
owned by Bachan Aerospace Corporation, and that said truck
was *not* insured by State Farm. The information contained on
these two forms provided State Farm with sufficient evidence to
further investigate plaintiff's claim prior to paying benefits.

Since plaintiff received his benefit payments from State Farm
for a period of well over one year, he had no reason to believe
that the wrong insurer was making the payments. Plaintiff
relied on these payments, and said reliance provides ample
justification for his failure to file a claim with INA/Aetna.

[2] Because the judge found that Mr. Bostic had failed to satisfy the
statute of limitations, it was unnecessary to discuss the separate one-
year-back rule of MCL 500.3145(1); MSA 24.13145(1).

[3] On appeal, State Farm states:

Subsequent to the lower court's ruling in February of 1986,
defendant State Farm settled the lawsuit with plaintiff Bostic
in October of 1986, for an amount equalling the wage loss
differential over and above workers compensation benefits for
the period of time from September, 1984, through the three
year anniversary of the accident, July 1, 1986. At that time,
defendant State Farm took an asignment of plaintiff Bostic's
claim against defendant INA/Aetna to the extent of payment
of all No Fault benefits made by defendant State Farm or a
total of $23,679.62.

the order granting summary disposition to INA/ Aetna against Mr. Bostic. We reverse.

MCL 500.3145(1); MSA 24.13145(1), provides:

> An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf. The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury.

In *Welton v Carriers Ins Co,* 421 Mich 571, 576; 365 NW2d 170 (1984), the Supreme Court described the "two limitations on time of suit and one limitation on period of recovery" contained in MCL 500.3145(1); MSA 24.13145(1):

> (1) An action for personal protection insurance (PPI) benefits must be commenced not later than one year after the date of accident, *unless* the insured gives written notice of injury or the insurer previously paid PPI benefits for the injury.
> (2) *If* notice has been given or payment has been made, the action may be commenced at any time

within one year after the most recent loss was incurred.

(3) Recovery is limited to losses incurred during the one year preceding commencement of the action.

The notice of injury which excuses commencement of suit later than one year after the accident (i.e., the first limitation described by the Supreme Court in *Welton*) is described in the statute as a notice given to the insurer or its authorized agent by a claimant or someone on the claimant's behalf, containing the claimant's name and address, the name of the injured person, and the time, place and nature of the injury. MCL 500.3145(1); MSA 24.13145(1). See *Welton v Carriers Ins Co, supra* at 579.

In *Spayde v Advanced Foam Systems, Inc,* 124 Mich App 454; 335 NW2d 1 (1981), this Court held that notice of a claim for workers' compensation benefits made to an employer's workers' compensation carrier did not constitute "notice of injury" within the meaning of MCL 500.3145(1); MSA 24.13145(1), when the workers' compensation carrier was also the employer's no-fault insurer. The Court noted that the purpose of the notice provision was to "provide time to investigate and to appropriate funds for settlement purposes," citing *Davis v Farmers Ins Group,* 86 Mich App 45, 47; 272 NW2d 334 (1978), lv den 406 Mich 868 (1979), and reasoned: "Mere notice of an injury under circumstances unrelated to a possible claim for [no-fault] benefits will not serve to trigger the insurer's investigative procedures nor advise the insurer of the need to appropriate funds for settlement." 124 Mich App 457-458. The Court also observed that most insurers are large departmentalized companies and that the presentation of a claim for workers' compensation benefits would not alert the insurer to the existence of a claim on

a no-fault policy. 124 Mich App 458.[4] We are persuaded that the *Spayde* opinion does not reflect proper analysis of MCL 500.3145(1); MSA 24.13145(1).[5]

In *Welton v Carriers Ins Co, supra,* the Supreme Court discussed the third limitation contained in MCL 500.3145(1); MSA 24.13145(1), the one-year-back rule. Without deciding whether tolling the operation of the one-year-back rule was permissible, the Supreme Court in *Welton* contrasted the notice of injury sufficient to toll the first and second limitations with the claim for specific benefits which was arguably sufficient to toll the operation of the one-year-back rule. 421 Mich 577-579.[6]

In light of the Supreme Court's discussion in *Welton,* we are persuaded that the *Spayde* analysis inappropriately blurs the distinction between the statutory notice of injury and a claim for specific benefits. In addition, we find that the statutory description of the notice of injury sufficient to toll the one-year period of limitations is clear and that each of the requirements of the statute was satisfied in this case when INA/Aetna received Mr. Bostic's claim for workers' compensation benefits. The statute does not require that the notice of injury be addressed to a particular department of

---

[4] See also *Myers v Interstate Motor Freight System,* 124 Mich App 506; 335 NW2d 19 (1983), and *Robinson v Associated Truck Lines, Inc,* 135 Mich App 571; 355 NW2d 282 (1984), remanded 422 Mich 946 (1985).

[5] For the reasons stated in this opinion, the author of this opinion, a member of the *Spayde* panel, disavows the *Spayde* holding as it applies to the facts of this case.

[6] In *Welton,* the Court was asked to decide whether the one-year-back rule should be tolled by the filing of a workers' compensation claim, where the same carrier insured both workers' compensation and no-fault liabilities. The insurance company in *Welton* conceded that the workers' compensation claim constituted notice of injury sufficient to toll the first and second limitation periods set forth in MCL 500.3145(1); MSA 24.13145(1).

the insurer. Finally, it was not until after the accident involving the *Spayde* plaintiff that the Supreme Court held that an employee injured in a motor vehicle accident in the course of his or her employment may collect both workers' compensation benefits and no-fault benefits. *Mathis v Interstate Motor Freight System,* 408 Mich 164; 289 NW2d 708 (1980). We agree with Justice LEVIN's separate opinion in *Welton:*

> Now that *Mathis* has been decided, it is questionable whether a self-insured employer or an insurer providing coverage for both exposures would be justified in paying only workers' compensation benefits on the basis that the injured worker sought only workers' compensation benefits, at least where, as generally will be the case, the employer or insurer will know whether the claim arises out of an automobile accident.
>
> * * *
>
> [T]he only reason why an injured worker who has filed a claim for workers' compensation benefits would not at the same time file a claim for the additional amount due him as no-fault benefits would be ignorance of his entitlement thereto or of the procedure to be followed in seeking the additional money that the insurer owes him.
>
> A workers' compensation insurer also providing the employer with no-fault coverage knows, now that *Mathis* has been decided, that it is under a legal obligation to pay the additional amount to the injured worker as no-fault benefits and, having processed the workers' compensation claim, cannot assert it does not have all the relevant information. The insurer almost always knows when a work-related injury occurs whether it arose out of an automobile accident. It knows the name of the worker, his address, *i.e.,* where to send a check. It also knows how to compute the check; it knows how much the worker is earning per week and,

because it paid the workers' compensation benefits, how much was paid therefor. [421 Mich 582-584.][7]

For the foregoing reasons, we find that Mr. Bostic's action against INA/Aetna for no-fault benefits was not barred by the one-year statutory limitation period. Because the trial judge did not decide, and the parties do not discuss, the application of the one-year-back rule to the facts of this case, we do not address that issue.[8]

That portion of the trial judge's November 26, 1986, order which grants summary disposition to INA/Aetna is reversed and this matter is remanded for further proceedings not inconsistent with this opinion. We do not retain jurisdiction.

[7] The majority in *Welton* acknowledged "the legitimate concerns expressed in Justice LEVIN's opinion." 421 Mich 581, n 6.

[8] See *Lewis v DAIIE,* 426 Mich 93; 393 NW2d 167 (1986), the Supreme Court's most recent discussion of the one-year-back rule.