872 F.2d 1029
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William C. THOMPSON, Plaintiff-Appellant,
v.
GREYHOUND LINES, INC. and the Insurance Company of North
America, Defendants-Appellees.
 No. 88-1327.
 United States Court of Appeals, Sixth Circuit.
 April 3, 1989.
 
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges; and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, William C. Thompson (Thompson), has appealed from the decision of the United States District Court for the Eastern District of Michigan granting summary judgment in favor of Greyhound Lines, Inc. (Greyhound) and The Insurance Company of North America (Insurance Company), defendants-appellees, in this diversity action commenced by Thompson requesting a declaration that he was eligible for No-Fault Automobile Insurance Personal Protection Insurance benefits from the defendants, pursuant to Mich.Comp.Laws Ann. Sec. 500.3101 et seq.
 
 
 2
 On appeal, Thompson has challenged the district court's determination that he had failed to file a "written notice of injury," as specified under section 500.3145 (1) of the Michigan No-Fault Insurance statutes, and subsequent judicial pronouncements. The district court concluded that the "written notice of injury" requirement listed under section 500.3145(1) included, as a judically imposed condition, some indication that the claimant intended to file an application for "Personal Protection Insurance" benefits under the Michigan No-Fault statutes, relying upon the decisions in Joiner v. Michigan Mutual Ins. Co., 137 Mich.App. 464, 357 N.W.2d 875 (1984) and Spayde v. Advanced Foam Systems, Inc., 124 Mich.App. 454, 335 N.W.2d 1 (1981).
 
 
 3
 Thompson has urged this court to conclude that the district court erred in following the pronouncements of Joiner and Spayde, and urged this court to adopt the contrary conclusion reached by another panel of the Michigan Court of Appeals in State Farm Mutual Automobile Inc. Co. v. Insurance Co. of N. Am., 166 Mich.App. 133, 420 N.W.2d 120 (1988) ("written notice of injury" need not specifically indicate that claim is to be made for "Personal Protection Injury" benefits to satisfy requirements of section 500/3145(1)). This court, however, "has consistently held that the judgment of a local district judge sitting in a diversity case, as to the application of state law, is entitled to considerable deference." Diggs v. Pepsi-Cola Metropolitan Bottling Co., 861 F.2d 914, 927 (6th Cir.1988); accord Agristor Leasing v. Saylor, 803 F.2d 1401, 1407 (6th Cir.1986); Martin v. Joseph Harris Co., Inc., 767 F.2d 296, 299 (6th Cir.1985); Bagwell v. Canal Ins. Co., 663 F.2d 710, 712 (6th Cir.1981) (per curiam). Such deference is particularly appropriate in cases "where the local law is uncertain under state court rulings," in which case "if a federal district court judge has reached a permissible conclusion upon a question of local law, the Court of Appeals should not reverse." Insurance Co. of N. Am. v. Federated Mutual Ins. Co., 518 F.2d 101, 106 n. 3 (6th Cir.1975) (quoting Rudd-Melikian v. Merritt, 282 F.2d 924, 929 (6th Cir.1960)).
 
 
 4
 In the instant case, where there was case precedent from the Michigan Court of Appeals squarely on point which had reached converging results, it cannot be said that the district court's determination that one line of authority was more persuasive constituted an "impermissible conclusion," and accordingly the decision of the district court granting summary judgment in favor of the defendants is AFFIRMED.