989 F.2d 501
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard A. WOLFF, Marguerite M. Wolff, Plaintiffs-Appellants,
v.
LIFE INSURANCE COMPANY OF NORTH AMERICA and Johnson &
Higgins, Defendants-Appellees.
 No. 92-1072.
 United States Court of Appeals, Sixth Circuit.
 March 23, 1993.
 
 Before KEITH and BATCHELDER, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiffs-appellants, Richard A. Wolff and Marguerite M. Wolff, appeal the district court grant of summary judgment in favor of defendants-appellees, Life Insurance Company of North America ("LINA") and Johnson & Higgins ("J & H"). In this cause of action, appellants seek payment of benefits under two insurance policies for injuries Mr. Wolff sustained in a fall that occurred while he was on a business trip. For the reasons stated below, we AFFIRM the district court's summary dismissal.
 
 I.
 
 2
 This is an action for recovery of benefits under a group employee benefits plan (the "Plan"). The policies in question are a personal injury accident policy (No. ABL-61-36-06) and a business travel accident policy (No. OK-20-33). Premiums were paid on the business travel accident policy for all employees by Johnson & Higgins (J & H). Mr. Wolff purchased the personal injury policy through payroll deductions.
 
 
 3
 The facts are not in dispute. Richard Wolff worked as an account supervisor and a property loss consultant for J & H from June 1966 until he took an early disability retirement in September, 1980. On May 18, 1980, Mr. Wolff fell and struck his head while on a business trip in Kentwood, Michigan. As a result of this injury, Mr. Wolff suffered headaches and memory loss. These injuries have rendered Mr. Wolff permanently disabled.
 
 
 4
 Shortly after the accident, Mr. Wolff applied for and received long-term disability benefits under the J & H employee benefits plan. At approximately the same time, Mr. Wolff also applied for worker's compensation benefits. Mr. Wolff and J & H eventually settled the worker's compensation claim for seven thousand dollars ($7,000).
 
 
 5
 Appellants, however, did not file a written notice of their claim or proof of loss under either of the accident policies until January 10, 1989, almost nine years after Mr. Wolff's fall. On that date, plaintiffs submitted a proof of loss to LINA under both the group personal injury and business travel accident policies. Appellants contend that they did not remember, or were unaware of the insurance coverage under these two policies until December 1988, at which time Mr. Wolff reviewed his employee benefits handbook which outlined the various policy coverages. Both insurance policies provide that a legal action may not be brought more than three years after the time a written proof of loss is required to be furnished. Written proofs of loss must be furnished within ninety days of the date of loss, or as soon thereafter as is reasonably possible.[1]
 
 
 6
 LINA denied appellants' claim for personal injury and accident benefits under the policies, finding insufficient evidence to establish that Mr. Wolff's disability arose solely from the accidental fall. Under LINA's insurance policies, if a policy holder's injury is proximately caused by a preexisting condition, that holder is ineligible to receive benefits. Both policies provide that LINA insures only "against loss resulting directly and independent of all other causes from accidental bodily injuries ..." Mr. Wolff had several past medical problems, including a head injury suffered in World War II. A J & H benefits manager informed Mr. Wolff of this decision by letter dated February 5, 1990.
 
 
 7
 On June 1, 1990, appellants filed a complaint in the Livingston County Circuit Court asserting a state-law breach of contract claim and a claim of violation of the Michigan Uniform Trade Practices Act [UTPA], M.C.L. 500.2001 et seq. Defendants-Appellees filed motions for summary judgment and dismissal.
 
 
 8
 The matter was referred to a magistrate. The magistrate found that "plaintiffs' claims against J & H are predicated solely upon the contention that the company owed them a duty to timely file the necessary notice or proofs of loss on their behalf". The magistrate concluded that the plaintiffs failed to state a claim upon which relief may be granted against J & H. With respect to LINA, the magistrate found that the appellants' claims were untimely, due to the three-year contractual limitation, and therefore, recommended granting summary judgment in favor of defendant-appellee, LINA.
 
 
 9
 The district court entered both an acceptance of the report and recommendation and a judgment in favor of defendants-appellees on December 13, 1991. This timely appeal followed.
 
 
 10
 On appeal, appellants bring several assignments of error. With regard to appellee LINA, plaintiffs maintain that the district court's summary judgment in favor of LINA should be vacated for three reasons. First, appellants claim that LINA should be estopped to assert the three-year contractual limitation because LINA had notice of appellants' claims by way of its duty to investigate its records to determine whether Mr. Wolff was insured under other insurance policies. Second, appellants argue that the three-year contractual limitation is not enforceable against Mr. Wolff because it was impossible for Mr. Wolff to notify the insurer due to mental disability. Finally, appellants maintain that LINA is obligated to pay benefits to Mr. Wolff since no prejudice resulted to LINA from Mr. Wolff's delay.
 
 
 11
 With regard to J & H, appellants argue that the district court's summary judgment should be vacated because J & H owed appellants a duty to both advise them as to all available claims and to submit claims on their behalf. Appellants base this argument on theories of assumption of duty, agency, and J & H's statutory obligations under ERISA.
 
 
 12
 Appellants also argue that the district court abused its discretion in denying appellants' motion to amend the complaint to include a claim of negligence against J & H.
 
 
 13
 Each argument is addressed below seriatim.
 
 II.
 
 14
 Appellants maintain that LINA had inquiry notice of their claims for recovery under the two insurance policies at issue and therefore cannot prevail upon the three year contractual limitation. The appellants are asking this court to require appellee, LINA, to investigate all other potential claims of recovery under any additional policies the claimant has with LINA, upon the filing of a claim by a policy holder. If this court finds that such a duty should be imposed, appellants argue that LINA is estopped from asserting the contractual period of limitations contained in the insurance policies at issue.
 
 
 15
 Although appellants did not submit a claim under either the personal accident policy or business travel policy until January 10, 1989, nearly nine (9) years after the date of the loss, they argue that LINA should be estopped from asserting lack of notice. Appellants contend that LINA was in fact on notice of Mr. Wolff's injury due to Mr. Wolff's claim for long-term disability in 1980.
 
 
 16
 The Michigan Supreme Court addressed the inquiry notice argument in Welton v. Carrier's Ins. Co., 365 N.W.2d 170 (Mich.1984). In Welton, an insurance carrier provided the plaintiff's employer with both worker's compensation insurance and no-fault automobile insurance. The plaintiff was injured and submitted a worker's compensation claim, arguing that the filing of the worker's compensation claim provided sufficient notice to the carrier of the no-fault claim. The Michigan Supreme Court rejected plaintiff's argument, holding that the general notice of injury provided by the filing of the worker's compensation claim was insufficient to trigger tolling. The court stated:
 
 
 17
 Notice of injury simply informs the insurer of 'the name and address of the claimant,' 'the name of the person injured and the time, place and nature of his injury'. M.C.L. 500.3145(1); M.S.A. 24.13145(1). Until a specific claim is made, an insurer has no way of knowing what expenses have been incurred, whether those expenses are covered losses and, indeed, whether the insured will file a claim at all. It is therefore illogical to expect the insurer to formally "deny" an as yet unperfected claim.
 
 
 18
 Welton, 365 N.W.2d at 173.
 
 
 19
 Furthermore, in Benson v. Home Ins. Co., 333 N.W.2d 43 (Mich.App.1983), the court held that an insurance company does not have a duty to conduct a full-scale search of their records whenever an insured files a claim to determine whether the insured may be covered under any additional policies. The Benson court stated:
 
 
 20
 "[an] insurance company cannot be expected to investigate all potential claims merely because a claim unrelated to the plaintiff incidentally contains the information concerning the plaintiff's injuries ..."
 
 
 21
 Benson, 333 N.W.2d at 45.
 
 
 22
 Therefore, in accordance with Michigan precedent, this court will not impose a duty upon LINA to conduct a search of its own records to determine whether a particular individual who files a claim is insured under other insurance policies.
 
 
 23
 Appellants also argue that the contractual period of limitations should not be enforced because it was impossible for Mr. Wolff to notify the insurer due to mental disability resulting from the accident giving rise to the claim. Appellants, however, have not put forth any evidence to raise a genuine factual question as to whether it was reasonably possible for him to have filed suit in a timely fashion.
 
 
 24
 Mr. Wolff testified that he received a letter in December, 1988 from J & H advising him of his eligibility for certain group benefits upon his official retirement. Subsequently, Mr. Wolff reviewed his Employee Benefits Handbook and realized that there was a possibility of insurance benefits under these two insurance policies. The sole reason advanced by appellants for not filing suit within the time limit was that it was not until December, 1988 that Mr. Wolff read his employee benefits handbook and remembered that he had accident insurance coverage.
 
 
 25
 Mr. Wolff's condition could not have prevented him from making an application for the benefits he now seeks, in light of the other actions he took during the relevant time period. In that three-year limitation period, appellant applied for retirement benefits, long term disability benefits and social security benefits and applied and sued for worker's compensation benefits. Additionally, Mr. Wolff was represented by an attorney for at least a portion of the three-year limitation period.
 
 
 26
 Therefore, because appellants failed to meet either the notice of claim or the proof of loss requirements of the policies, and because appellants never made a claim for the particular policies at issue, we find that appellants failed to file their claims for benefits within the required three-year period.
 
 
 27
 Next, appellants argue that, despite the fact that Mr. Wolff forgot he had coverage under the insurance policy, LINA, nonetheless, remains obligated to pay benefits owed to appellants since no prejudice resulted to LINA from Mr. Wolff's delay. Since appellants raise this argument for the first time on appeal, it is waived. Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-244 (6th Cir.1991).
 
 III.
 
 28
 Appellants argue that J & H had a duty to advise appellants of all available benefits and to submit claims on appellant's behalf. Appellants assert this argument under the theories of assumption of duty, creation of agency, and J & H's statutory obligations under ERISA. We disagree.
 
 
 29
 Appellants' argument that J & H assumed a duty is based upon two letters sent by J & H to the appellants following the accident. The first letter, dated August 28, 1980, notified Mr. Wolff that he "may have a potential claim under our Long Term Disability program," as well as a claim for possible Social Security disability benefits. The letter did not state that these potential insurance claims were the only possible insurance claims Mr. Wolff was eligible for as a result of the head injury. The second letter, dated December 29, 1980, outlined benefits available "specifically to you as a retired employee of J & H" (emphasis in original). It was prompted by Mr. Wolff's retirement from J & H, and did not address plaintiff's injury.
 
 
 30
 Appellants maintain that through these letters, J & H assumed a duty to advise appellants and pursue all claims resulting from Mr. Wolff's injury and status as a retiree of J & H. In addition, appellants contend that J & H negligently breached that duty by failing to mention the two policies at issue.
 
 
 31
 The letters are, in fact, standardized form letters sent out by the benefit coordination office. Neither letter states that the benefits listed are the sole benefits for which Mr. Wolff may be eligible. Rather, the December 29, 1980, letter advised Mr. Wolff to examine the employee handbook for further information regarding benefits available and invited him to call the benefits coordinator for further assistance. Specifically, the letter stated: "As you probably realize, you are eligible to have certain benefits continue after you retire. These benefits are described in general terms in the handbook, 'Your Portfolio of Employee Benefits.' " Based upon these facts, it is clear that J & H did not assume a duty to advise or to pursue potential claims. Consequently, we conclude there could have been no negligence. Munson v. Vane Stecker Co., 79 N.W.2d 855 (Mich.1956) (an action claim for negligence requires a legal duty).
 
 
 32
 Next, appellants argue that J & H had an agency relationship with either the appellants or the appellee-defendant, LINA, creating a duty to advise LINA of Mr. Wolff's injuries and to pursue all potential claims on appellants' behalf.
 
 
 33
 Generally, in order for an agency relationship to exist, a principle must give permission to the agent to act on the principal's behalf. In turn, the agent must consent to do so. See Terbovitz v. Fiscal Court of Adair County, Ky., 825 F.2d 111, 116 (6th Cir.1987).
 
 
 34
 Here, J & H is not an agent of LINA. The relationship between LINA and J & H is that of insured and insurer, as the policy indicates. J & H exercised no authority or control over decisions affecting the entitlement to or awarding of benefits. Instead, its duties under the plan were limited to providing certain administrative services for LINA, processing claims, and paying premiums for covered employees under the business accident policy. LINA, as the insurance carrier, had the sole authority to grant or deny benefits. Additionally, J & H has no power to bind LINA. All rights, decisions, and powers with respect to these policies were reserved by LINA. Under the express terms of the policies, the only power which J & H retained was the right to terminate the policy on its first anniversary date, or at any time thereafter.
 
 
 35
 In addition, J & H is not an agent of appellants. As stated above, J & H was never under any duty to make claims on behalf of appellants or to advise appellants as to potential claims. Accordingly, no agency relationship existed between appellant and J & H or between J & H and LINA.
 
 
 36
 Finally, appellants contend that, under the provisions of ERISA, J & H had a fiduciary duty to individually and personally advise appellants regarding available accident benefits, due to the nature of Mr. Wolff's injury.
 
 
 37
 Under certain circumstances, an employer may be held to be an ERISA plan fiduciary. See e.g., Moehle v. NL Industries, Inc., 646 F.Supp. 769 (E.D.Mo.1986), aff'd without opinion, 845 F.2d 1027 (8th Cir.1988). However, the fiduciary duties imposed on employers by ERISA under 29 U.S.C. § 1104 are fulfilled by issuing a "non-technical," "easy to read" plan summary booklet. Allen v. Atlantic Richfield Retirement Plan, 480 F.Supp. 848, 851 (E.D.Pa.1979) aff'd, without opinion, 633 F.2d 209 (3d Cir.1980).. Here, appellants concede that Mr. Wolff had just such a booklet in his possession prior to his accident. In fact, it was through this booklet, that plaintiff learned of his benefits. Thus, J & H did not breach their fiduciary duties.
 
 
 38
 Furthermore, J & H had no involvement in the decision to deny appellants' claim and is, therefore, not a proper party to this suit for recovery of benefits under ERISA. See Warren v. Oil, Chemical and Atomic Workers Union Industray Pension Fund, 729 F.Supp. 563, 565-66 (E.D.Mich.1989) ( citing Gelardi v. Pertec Computer Corp., 761 F.2d 1323 (9th Cir.1985)). Since J & H did not owe plaintiffs a duty to file their benefit claims, the court below correctly dismissed for failure to state a claim upon which relief may be granted.
 
 IV.
 
 39
 Appellants assert that the district court abused its discretion in denying an oral "motion" to amend the complaint to include a claim of negligence against J & H. The allowance of an amendment is within the discretion of the trial court. Roth Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir.1983). Such a decision is reviewed only for abuse of that discretion. See Zenith Radio Corp. v. Hazeltine Research, 401 U.S. 321, 330-31 (1971); Miller v. Metropolitan Life Insurance Co., 925 F.2d 979, 982 (6th Cir.1991).
 
 
 40
 In deciding whether to accept an amendment of pleadings, the district court is permitted to consider a number of factors including: undue delay, lack of notice to the opposing party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. See Robinson v. Michigan Consolidated Gas Co., Inc., 918 F.2d 579, 591 (6th Cir.1990). If the court finds one or more of these factors present, it may deny a party's motion to amend a pleading.
 
 
 41
 An examination of the record reveals, first, that no motion to amend was ever filed, and it is questionable whether the language in the record that appellants contend was their motion constitutes a motion at all. However, even assuming a motion was made, the district court did not abuse its discretion when it denied appellants' motion to amend the complaint because the granting of the motion would have resulted in undue delay. The issue of negligence was discussed by appellants in their combined brief in response. In fact, the court's findings as to the lack of this duty on the part of J & H formed a basis for this appeal. Thus, irrespective of the court's actions, appellants were given the opportunity to be heard in regard to the negligence claim and the claim was evaluated on the merits. Accordingly, this assignment of error fails.
 
 V.
 
 42
 For the reasons stated above, we AFFIRM the decision of the Honorable Stewart A. Newblatt, United States District Judge for the Eastern District of Michigan.
 
 
 
 [1]
 The relevant policy provisions provide as follows:
 Notice of Claim: Written notice of claim must be given to the company within thirty (30) days after the occurrence or commencement of any loss covered by the policy, or as soon thereafter as is reasonably possible. Notice given by or on behalf of the insured or the beneficiary to the company at Philadelphia, Pennsylvania or to any authorized agent of the company, with information sufficient to identify the insured, shall be deemed notice to the company.
 Proofs of Loss: Written proof of loss must be furnished to the company at its said office within ninety (90) days after the date of such loss. Failure to furnish such proof within the time required shall not invalidate nor reduce any claim if it was not reasonably possible to give proof within such time, provided such proof is furnished as soon as reasonably possible.